AB CELLULAR LA, LLC, a Delaware limited liability company, d/b/a AT & T Wireless, Plaintiff—Appellee,

Residents Opposed to Neighborhood Cell Cites, an unincorporated association, a/k/a Concerned Citizens of Silverlake, an unincorporated association, Applicant—Appellant,

v.

CITY OF LOS ANGELES CALIFORNIA; East Los Angeles Area Planning Commission of the City of Los Angeles California; Helmi Hisserich, Commissioner; Yolanda Chavez, Commissioner; Mary George; Rolando Cuevas; Greg A. Wesley, Defendants,

**Anne Sahagian, Applicant.**

**No. 04–55609.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided April 17, 2006.

Edward L. Donohue, Esq., Cole Raywid & Braverman, Washington, DC, for Plaintiff–Appellee.

Robert Jystad, Esq., Cole, Raywid & Braverman, Kenneth T. Fong, El Segundo, CA, Jeri L. Burge, Esq., Thomas A. Ballantine, Esq., City Attorney'S Office, Los Angeles, CA, for Defendants.

Frank A. Weiser, Esq., Los Angeles, CA, for Applicant–Appellant.

Before: LEAVY and RAWLINSON, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

Residents Opposed to Neighborhood Cell Sites (Residents) appeals the district court's order denying its motion to intervene for purposes of appeal. Residents' motion was filed after the district court entered judgment in favor of AB Cellular LA (AB) in AB's action against the City of Los Angeles. The district court held that the city violated the Telecommunications Act of 1996 when it denied AB's application for a conditional use permit to construct and operate a wireless telecommunications facility at 1639 Silver Lake Boulevard in Los Angeles. The city did not appeal the district court's judgment and Residents sought to intervene for purposes of appeal. We dismiss this appeal for lack of jurisdiction because Residents lacks Article III standing to appeal the district court's judgment.

"[W]here no party appeals, the 'case or controversy' requirement of Article III ... qualifies an applicant's right to intervene post-judgment." *Yniguez v. Arizona,* 939 F.2d 727, 731 (9th Cir.1991). Thus, Residents must meet Article III "standing cri-

teria by alleging a threat of particularized injury from the order [it] seek[s] to reverse that would be avoided or redressed if [its] appeal succeeds." *Legal Aid Soc'y of Alameda County v. Brennan,* 608 F.2d 1319, 1328 (9th Cir.1979).

The materials in the record do not establish that Residents or any of its members will suffer a particularized injury from the construction and operation of the telecommunications facility. Neither the loss of an administrative victory nor a hypothetical diminution in property values and public convenience is the type of imminent or concrete injury sufficient to establish standing. *Cf. Didrickson v. U.S. Dep't of the Interior,* 982 F.2d 1332, 1340–41 (9th Cir.1992) (organizational standing established where affidavits contained specific facts showing that members would be directly affected apart from special interest in subject of suit).

Therefore, Residents has failed to meet its burden of establishing that it has standing. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561–63, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**DISMISSED.**

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.